ON MOTION FOR REHEARING GRANTED
PER CURIAM.
By way of a motion for rehearing, petitioner has brought to our attention the fact that Administrative Order 84-7, which was upheld in our original opinion, has been superseded by Administrative Order 84-20, a copy of which is attached as an appendix to this opinion. The new order is substantively identical to the two previous orders, although it adds an additional county court judge to the list of those authorized to enforce child support orders, and adds six months to the authorized time period. Since the substance of the new rule remains unchanged, we deem the pleadings in this cause amended, pursuant to Rule 9.040(d), Fla.R.App.P., to include a challenge to Administrative Order 84-20.
The promulgation of 84-20 has made evident the correctness of Judge Barfield’s dissent to the original opinion. By issuing successive orders, the provisions contained therein have been, and will be, in effect for two-and-a-half years if the most recent order is upheld. Thus, we now find that the orders are an abdication of circuit court jurisdiction over child support enforcement, not a temporary assignment of a county judge to a circuit court position. As such, the orders are an attempt to confer juris *240 diction on the county courts over matters which they have no constitutional authority to decide. Therefore, the petition for writ of prohibition is granted and the county judges are prohibited from proceeding under order 84-20 which we find to be invalid. However, we certify the following question as being one of great public importance:
Does Administrative Order 84-20 constitute a valid assignment of the named county judges to temporary service in the circuit court pursuant to Rule 2.050(b)(4), Fla.R.Jud.Admin.
MILLS and BARFIELD, JJ., concur.
WENTWORTH, J., concurs and dissents with written opinion.
APPENDIX
IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT OF FLORIDA
OFFICE OF THE CHIEF JUDGE
ADMINISTRATIVE ORDER NO. 84-20
IN RE: Enforcement of Court-Ordered Child Support Cases
From the date of entry hereof, all hearings for enforcement of child support court orders, which have been entered by the Circuit Court of the Second Judicial Circuit of Florida and which have directed support payments to be made to and through the Child Support Section of the Office of the Sheriff of Leon County, Florida, shall be brought before County Judges Richard L. Hood of Gadsden County, Florida, and Felix A. Johnston, Jr. of Jefferson County, Florida, and Charles D. McClure, Hal S. McClamma and John E. Crusoe of Leon County, Florida. Said County Judges shall furnish to the Child Support Section the days and hours when they shall be available for such hearings, and the personnel of the Child Support Section shall schedule the eases before the several judges and shall give appropriate notice thereof. The County Judges shall enter such orders and directives for the enforcement of the orders of the Circuit Court concerning child support, which shall be deemed by the County Judges to be lawful and proper and
which shall be enforced accordingly. This order shall supersede Administrative Order No. 84-7 effective September 1, 1984 and shall expire without further order of this court on February 28, 1985.
DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 13th day of August, 1984.
/s/ Ben C. Willis
BEN C. WILLIS,
CHIEF JUDGE
cc: The Honorable Richard L. Hood
The Honorable Felix A. Johnston, Jr.
The Honorable Charles D. McClure
The Honorable Hal S. McClamma
The Honorable John E. Crusoe
Sheriff of Leon County, Child Support Unit
Court Administrator